IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| GREGORY MIDDLETON, | : | CIVIL ACTION |
| | : | NO. 10-548 |
| Petitioner, | : | |
| | : | |
| v. | : | |
| | : | |
| FRANKLIN J. TENNIS, et al., | : | |
| | : | |
| Respondents. | : | |

## O R D E R

**AND NOW**, this **12th** day of **December, 2011**, having considered the Report and Recommendation of U.S. Magistrate Judge Henry S. Perkin and Petitioner's objections thereto,[1] it is hereby **ORDERED** as follows:

---

[1] On March 15, 2011, Gregory Middleton ("Petitioner") assaulted a deputy sheriff who had accompanied Petitioner from a courtroom, where he had been sentenced on unrelated charges, to a holding cell. Report & Recommendation 1 n.2, Aug. 5, 2011, ECF No. 22 (hereinafter "R&R"). After making his way out of the holding cell, Petitioner stabbed the deputy in the chest, neck, and stomach with a shank (homemade knife). Id. During the ensuing struggle with the deputy, Petitioner gained control of the deputy's firearm, pointed it at the deputy's chest, and pulled the trigger. Id. Fortunately, the deputy was able to lodge his thumb between the hammer and the firing pin, which prevented the firearm from discharging. Id. Other officers arrived to assist the deputy, and Petitioner managed to successfully discharge the firearm into an unoccupied cell. Id. Petitioner was finally restrained. Id.

On February 27, 2003, a jury convicted Petitioner of attempted murder, assault by a prisoner, escape, and possession of weapons or implements of escape. Id. at 1. On March 7, 2003, the Honorable Annette M. Rizzo, Court of Common Pleas of Philadelphia County, sentenced Petitioner to life imprisonment

without parole for attempted murder to run consecutive to any other sentence Petitioner was serving, five to ten years (consecutive) for assault by a prisoner, three and one half to seven years (consecutive) for escape, and three and one half to five years (consecutive) for the possession of weapons or implements of escape. Id. at 1-2.

Petitioner's direct appeals were unsuccessful. Petitioner's post-conviction motion for reconsideration was denied on July 15, 2003. Id. at 2. The Pennsylvania Superior Court affirmed his sentence on September 30, 2004. Id. And Petitioner did not file a petition for allocatur. Id.

Petitioner's state collateral appeal was unsuccessful. On October 14, 2005, Petitioner filed a pro se petitioner under Pennsylvania's Post-Conviction Relief Act ("PCRA petition"). Id. The court appointed Peter A. Levin, Esquire, who filed an amended PCRA petition that alleged trial counsel was ineffective for failing to file a petition for allowance of appeal with the Pennsylvania Supreme Court, for failing to file a post-trial motion that the verdict was against the weight of the evidence, and for failing to file a statement in support of Petitioner's direct appeal pursuant to Pennsylvania Rule of Appellate Procedure 2119(f). Id. at 2-3. The PCRA court granted Petitioner's request to reinstate his right to file a nunc pro tunc petition for allowance of appeal with the Pennsylvania Supreme Court and denied the other claims. Id. at 3. On December 20, 2007, the Pennsylvania Supreme Court, nevertheless, denied Petitioner's petition for allowance of appeal. R&R 3. And on April 2, 2009, the Pennsylvania Supreme Court finally denied Petitioner's appeal from the decision of the PCRA court. Id.

Petitioner now seeks habeas relief in federal court. On January 26, 2010, Petitioner filed an application for habeas corpus pursuant to 28 U.S.C. § 2254. Habeas Pet., Feb. 8, 2010, ECF No. 1. Petitioner filed a Memorandum of Law in Support of the petition. Mem. in Supp., Mar. 15, 2010, ECF No. 3. The Government filed a Response. Resp., Mar. 7, 2011, ECF No. 18. U.S. Magistrate Judge Henry S. Perkin, to whom the Court referred the matter, issued a report and recommendation that the Petition be denied with prejudice and dismissed and that a certificate of appealability not issue. R&R 20.

Petitioner filed objections to the Report and Recommendation. Obj., Aug. 22, 2011, ECF No. 24; Supplemental Obj., Oct. 17, 2011, ECF No. 25.

(1) The Report and Recommendation (ECF No. 22) is

**APPROVED** and **ADOPTED**;

(2) Petitioner's objections to the Report and

Recommendation (ECF Nos. 24, 25) are **OVERRULED**;[2]

---

The Court conducted a de novo review of the Report and Recommendation and also considered Petitioner's specific objections. See 28 U.S.C. § 636(b)(1).

[2] In addition to a request that the Court conduct a de novo review of the Report and Recommendation, Petitioner raises the following specific objections. Each objection is without merit.

### A. Sufficiency of the Evidence

Petitioner objects to Magistrate Judge Perkin's determination that, reviewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found guilt beyond a reasonable doubt on the attempted murder and escape claims. Petitioner argues that Magistrate Judge Perkin "failed to independently review the claim presented." Supplemental. Obj. 1. Petitioner's argument is without merit.

Indeed, Petitioner misunderstands the role of the federal habeas court. The habeas court will not make its own factual determinations. But rather, on claims challenging the sufficiency of the evidence, the court must review the evidence presented in the light most favorable to the prosecution, and determine whether a rational trier of fact could find guilt beyond a reasonable doubt. See Jackson v. Virginia, 433 U.S. 307, 319, 324 (1979).

The state record is clear that Petitioner escaped from confinement in a courtroom holding cell, stabbed a deputy in the chest, neck, and stomach with a homemade shank, and attempted to murder the deputy by gaining control of the deputy's firearm, pointing it at the deputy's chest, and attempting to discharge the firearm. Based on the evidence produced, and viewing that evidence in the light most favorable to the prosecution, there

is no question that a rational trier of fact could find Petitioner guilty beyond a reasonable doubt of attempted murder and escape under Pennsylvania law. Therefore, the Court will overrule Petitioner's objection to the Report and Recommendation relating to the sufficiency of evidence claim.

### B. Verdict Against the Weight of the Evidence

Petitioner objects to Magistrate Judge Perkin's determination that the claim that the verdict was against the weight of the evidence is not cognizable on habeas review. Supplemental Obj. 2. Petitioner essentially reformulates this objection from other papers wherein Petitioner argues that the trial court's finding that the deputy "almost lost his life" was a "misapprehension of the record that goes to the material factual issue that is central to [Petitioner's] claim that the verdict of guilt on the charge of attempted murder." Mem. in Supp. 15. Petitioner contends that "[t]he record clearly shows that [the deputy] did not almost loose [sic] his life and he did not sustain any life-threatening injuries." Id. at 14.

Magistrate Judge Perkin determined that the claim was not cognizable on federal habeas review because it required the court to reassess the credibility of the evidence presented at trial. R&R 10 (citing Marshall v. Lonberger, 459 U.S. 422, 434 (1983) ("federal habeas courts [have] no license to redetermine credibility of witnesses whose demeanor has been observed by the state trial court")).

Magistrate Judge Perkin's determination was correct and Petitioner has not provided any legal authority indicating that, on federal habeas review, the habeas court can reassess the credibility of the evidence presented at trial. Furthermore, the state court decision on this matter was not contrary to, or an unreasonable application of, clearly established federal law, nor was it based on an unreasonable determination of facts in light of the evidence presented. Indeed, the evidence presented indicated that a reasonable trier of fact could have determined that the deputy did almost lose his life and did sustain potentially life-threatening injuries. Therefore, the Court will overrule Petitioner's objection to the Report and Recommendation relating to his claim that the verdict was against the weight of the evidence.

### C. Ineffective Assistance of Counsel

Petitioner objects to Magistrate Judge Perkin's finding that the state court's ineffective assistance decision was not contrary to, or in violation of, clearly established federal law or that it was based on an unreasonable determination of the facts. Petitioner claims, as he did in his Habeas Petition and other papers, that the state court's decision that his claim was meritless was in violation of his Sixth Amendment rights as defined in Strickland v. Washington, 466 U.S. 668 (1984). Nevertheless, Petitioner again fails to explain how the state court's determination was contrary to Strickland or other clearly established federal law.

Petitioner objects to Magistrate Judge Perkin's determination that his Eighth Amendment claim is procedurally defaulted. Petitioner contends that the claim is not barred because "[t]he question of whether a sentence of life imprisonment has been constitutionally imposed presents a challenge to the legality of the sentence which may not be waived upon appellate review." Obj.2 (quoting Commonwealth v. Lane, 941 A.2d 34, 36 n.4 (Pa. Super. Ct. 2008). Although Petitioner may state an accurate point of state law, this consideration is not relevant in this federal habeas case. The claim is procedurally defaulted. Therefore, the Court will overrule Petitioner's objections to the Report and Recommendation relating to his ineffective assistance of counsel claim.

### D. Change of Venue

Petitioner objects to Magistrate Judge Perkin's determination that Petitioner did not show cause for the default and actual prejudice from the alleged violation of federal law with regard to the state court's denial of his motion to change venue. In cases where a state prisoner's federal claims are procedurally defaulted, federal habeas review of those claims is barred unless the prisoner can demonstrate cause for default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice. Coleman v. Thompson, 501 U.S. 722, 752 (1991).

Petitioner argues that he establishes cause and actual prejudice to excuse non-exhaustion of his claim because his

5

(3) Petitioner's Application for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (ECF No. 1) is **DENIED** and **DISMISSED WITH PREJUDICE**; and

---

trial and appellate counsel, who were appointed by the state court, failed to properly raise the alleged violation of federal law. Obj. 3. This objection, however, is meritless. Counsel's failure to raise an alleged violation of federal law does not constitute cause that excuses procedural default. See Coleman, 501 U.S. at 752 ("So long as a defendant is represented by counsel whose performance is not constitutionally ineffective under the standard established in Strickland, we discern no inequity in requiring him to bear the risk of attorney error that results in a procedural default." (internal quotation marks and citation removed)). Petitioner's counsel did not render ineffective assistance in not raising the alleged violation of federal law. The claim is procedurally defaulted without excuse. Therefore, the Court will overrule Petitioner's objection to the Report and Recommendation relating to the motion to change venue.

### E. Certificate of Appealability

Petitioner objects to Magistrate Judge Perkin's determination that a Certificate of Appealability should not issue. A Petitioner seeking a certificate of appealability must demonstrate "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." Miller-El v. Cockrell, 537 U.S. 322, 327 (2003).

Magistrate Judge Perkin correctly determined that Petitioner has not made a substantial showing of the denial of a constitutional right. And Petitioner has not raised any new arguments regarding this objection. Therefore, the Court will overrule Petitioner's objection to the Report and Recommendation relating to the issuance of a certificate of appealability.

(4) There is no probable cause to issue a Certificate of Appealability.

AND IT IS SO ORDERED

                                              */s/ Eduardo C. Robreno*
                                           EDUARDO C. ROBRENO, J.